364 F.2d 491
 EMPIRE RAYON YARN CO., Inc., Plaintiff-Appellant,
v.
AMERICAN VISCOSE CORPORATION, Fred Malina, Arthur Malina, Edythe M. Charnas and Fred H. Diamond, co-partners doing business as Malina Company, Gutner Brothers Corporation, Defendants-Appellees.
 No. 468.
 Docket 29554.
 United States Court of Appeals Second Circuit.
 Argued May 4, 1965.
 Decided December 13, 1965.
 Submitted in banc to this Court on March 31, 1966
 Decided July 18, 1966.
 
 Jacob Greenwald and Irving Sweet, New York City (Sweet, Reinitz, Peskin & Sweet, New York City), for appellant.
 Sidney P. Howell, Jr., and W. Hubert Plummer, New York City (Rogers, Hoge & Hills, New York City) and Thomas W. Pettus, Jr. (Jackson, Nash, Brophy, Barringer & Brooks, New York City), for appellee, American Viscose Corp.
 Herbert S. Greenberg, New York City, for appellee, Gutner Brothers Corporation.
 Silver, Bernstein, Seawell & Kaplan, Nahum A. Bernstein, New York City, for appellee, Malina Company.
 James McI. Henderson, General Counsel (J. B. Truly, Assistant General Counsel, Daniel H. Hanscom, Washington, D. C., Attorney), for the Federal Trade Commission as amicus curiae.
 Before LUMBARD, Chief Judge, WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.
 MOORE, Circuit Judge:
 
 
 1
 This opinion supersedes the previous opinion of a panel of this Court wherein that panel reversed an order which had granted defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment. 354 F.2d 182 (1965), Moore, C. J., dissenting. Thereafter defendants petitioned for a rehearing in banc which by order dated March 31, 1966 was granted, reconsideration to be had on the record and briefs. Because of the importance of the issue involved, the Court, sua sponte, requested the Federal Trade Commission "to submit a brief amicus curiae on the issues raised by this case." The Commission filed such brief to which appellants and appellee replied. After due consideration of the briefs filed originally, of the briefs filed in the in banc rehearing and of the position taken by the Commission in its amicus brief, we unanimously affirm the order granting summary judgment for the defendants and denying the cross motion therefor.
 
 
 2
 The facts are set forth adequately in the panel opinion, 354 F.2d 182. Nor need the arguments pro and con therein stated be repeated. The Court adopts the statutory interpretation set forth in the dissenting opinion, 354 F.2d, pages 188-192. Brief reference, however, should be made to the views of the Federal Trade Commission, the agency which to a considerable extent is charged with the administration of the Robinson-Patman Act.
 
 
 3
 The issue, as before, is whether the payment by American of a 5% discount from list price to Malina and Gutner, which together with Shawmut had been acting for special factual reasons as jobbers for American, was an illegal brokerage payment within the compass of, and in violation of, Section 2(c).
 
 
 4
 The Commission[1] has taken the position that upon the facts here presented this 5% discount was not "an unlawful `brokerage' payment, or allowance or discount in lieu thereof, violative of Section 2(c)" and that these facts "preclude[s] a finding that it constituted a violation of Section 2(c)." The Commission noted that Malina and Gutner were not "dummy" brokers; that they were not powerful buyers able to compel because of economic power the payment of discounts in lieu of brokerage; that American did not utilize brokers in selling its rayon yarn; and that Malina and Gutner did not fall into the buying broker category. The Commission further noted that Malina and Gutner took title and resold to small manufacturers; solicited and obtained their own customers; assumed all risks of loss and credit; operated warehouses; maintained inventories; employed selling organizations; advertised; and furnished technical assistance to their customers. The factual conclusion reached by the Commission was that Malina and Gutner were "independent business men who operated as jobbers at a level of distribution between the manufacturers of the yarn and the processor who found it economically difficult to buy direct"; that they "satisfied an economic need by facilitating the movement of American's rayon yarn to the small units in the textile trade"; and that the 5% discount "bears all the characteristics of a functional discount, the validity of which should be judged under Section 2(a)."[2]
 
 
 5
 Reliance upon Section 2(c) might well, in the Commission's view, "render all functional discounts illegal per se" and prevent the recognition of price differentials at non-competing business levels.
 
 
 6
 It is our conclusion that if plaintiff has any grievance, it must find its remedy under Section 2(a) and not as here under Sections 2(c), (d) and (e).
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Commissioner McIntyre did not concur in the Commission's position for the reasons set forth in his dissenting opinion in Edward Joseph Hruby, 61 F.T.C. 1437, 1449 (1962)
 
 
 [2]
 Plaintiff has abandoned the § 2(a) claim